UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21705-Civ-COOKE

HUAFENG XU,

    Plaintiff,

vs.

EEOC MIAMI DISTRICT OFFICE,

    Defendant.

_____/

## ORDER DISMISSING CASE

THIS CASE is before me upon a *sua sponte* review of the record. On May 5, 2015, Plaintiff filed a Complaint against the EEOC Miami District Office (ECF No. 1). After reviewing Plaintiff's Complaint, the record, relevant legal authorities, and for the reasons explained below, Plaintiff's Complaint is dismissed without prejudice.

## I. DISCUSSION

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must file a complaint containing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citations and internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Plaintiff alleges that he filed a complaint with the EEOC Miami Office on May 23, 2014 against Bank United. However he alleges that the EEOC, through its employee, La Tasha Nelson, conspired with Bank United to deny him relief. Plaintiff believes this to be true because Bank United has failed to respond to his EEOC complaint despite Plaintiff's

continued queries.  Plaintiff further alleges that Defendant forced Plaintiff and Bank United to mediate, wherein Defendant assisted Bank United in making up false reports.  Plaintiff alleges that he alerted the EEOC Inspector General and the Federal Bureau of Investigations ("FBI") regarding Defendant's wrongdoing but that Defendant conspired with the EEOC Birmingham Office "to continue their federal crimes and misconducts."  Plaintiff received a notice of dismissal of his complaint on April 1, 2014.  Plaintiff subsequently filed the instant lawsuit, alleging claims under 18 U.S.C. §§ 241, 4208(B); 28 U.S.C. §§ 1331, 1331 fl, 1331 rd, 1343; 42 U.S.C. §§ 1983, 1986; 48 U.S.C. § 1985; Federal Rules of Civil Procedure 4, 5, 6, 11, 12, 26, 55; and "all the corresponding EEOC Regulations and Procedures."  Plaintiff requests that this Court: (1) "stop all the above EEOC officials' violations and criminal acts [i]mmediately, and prosecute the EEOC Miami District Office as a federal government branch; (2) "order that this EEOC Miami District Office must correct all their violations and criminal acts…"; (3) "order the EEOC Miami District Office to sue the Respondent Bank United directly at this Federal Court, and reward this plaintiff a punitive damage compensation…"; (4) "demand the EEOC as a federal government branch to punish all the involved EEOC officials consequently through both civil and criminal channels, which may include jail time sentence"; and (5) "fine the EEOC Miami Office as a federal government branch for their government violations, and reward…punitive damage compensation…to this plaintiff."

      On its face, Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Plaintiff cites generally to a number of civil and criminal statutes and federal rules, but relies almost entirely on conclusory statements that do not provide the type of factual support required under Federal Rule of Civil Procedure 8(a)(2).  Plaintiff makes vague reference to a past EEOC complaint and provides the Court with more conjecture then fact regarding his assertions of conspiracy.  Plaintiff additionally appears to seek relief that cannot be afforded through these civil proceedings, including criminal sanctions against Defendant as well as an order compelling Defendant to bring suit against nonparty Bank United.

      Notwithstanding the pleading leniency afforded to *pro se* plaintiffs, it is not the Court's responsibility to discover claims for relief.  Plaintiff's Complaint fails to include

factual allegations sufficient to raise a right to relief above the speculative level and therefore, fails to state a claim upon which relief can be granted. Additionally, although the Complaint sets forth several statements, they do not collectively establish, or put Defendants on notice, of any viable causes of action Plaintiff intends to pursue. *See Anderson v. Dist Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). Accordingly, Plaintiff's Complaint is dismissed. *See Driessen ex rel B.O. v. Fla. Dept. Children & Families*, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming a district court's *sua sponte* dismissal under Rule 8(a) for failure to state a claim).

## II. CONCLUSION

For the reasons explained in this Order, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of May 2015.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Huafeng Xu, pro se*
*340 Wedgewood Road*
*Morganville, NJ 07751*